## Armington *versus* Rau.

1. A prior lien creditor cannot question the validity of his debtor's conveyance.

2. A judgment debtor conveyed land to his wife which was subject to the lien of a judgment.  Subsequently the judgment was revived by agreement with the debtor, but without notice to the wife ; and afterwards the property was taken into execution and sold under the judgment.  In ejectment brought by the heirs of the wife, against the purchaser at the sheriff's sale,—*Held*, that the conveyance to the wife was not in fraud of the judgment debtor, that she was therefore entitled as terretenant to notice of the revival of the judgment, that said notice not having been given, the judgment ceased to be a lien on the land, and no title

[Armington *v.* Rau.]

passed by the sheriff's sale to defendant, and that therefore plaintiffs were entitled to recover.

March 23d 1882. Before SHARSWOOD, C. J., MERCUR, GORDON, PAXSON, TRUNKEY, STERRETT and GREEN, JJ.

ERROR to the Court of Common Pleas No. 4, of *Philadelphia county :* Of January Term 1882, No. 163.

Ejectment, by John M. Armington et al. against Peter Rau, defendant, and Fredericka Knoell, Christopher Knoell and Charles Knoell, intervening defendants, for a house and lot of ground in the city of Philadelphia. Plea " not guilty."

Upon the trial, before BRIGGS, J., the plaintiffs submitted a brief showing the following facts, which were admitted:—On April 2d 1847 John Malin recovered a judgment against John F. Armington which became a lien on the premises in question, then owned by Armington. By deeds of conveyance and reconveyance, dated and recorded respectively December 17th and 20th 1851, each reciting a nominal consideration of $1,000, John F. Armington and Catharine his wife granted the said premises to one Hibberd, who reconveyed the same to said Catharine, wife of John F. Armington. On April 1st 1852, the Malin judgment was revived, by agreement, against John F. Armington, without notice to his wife. Catharine Armington died March 15th 1856, leaving to survive her said husband and five children. Under an execution on the Malin judgment the premises in question were sold at sheriff's sale on July 24th 1856 to John Würfflein, under whom the defendants derive title.

John F. Armington died February 5th 1877. This action was brought by the surviving children of Mrs. Catharine Armington in September 1877.

The plaintiffs submitted the following points :—

1. If you are satisfied from the evidence that John F. Armington was, on December 17th 1851, the owner of the property in question and conveyed it to Josiah Hibberd, who in the same month conveyed it to Catharine Armington, that the plaintiffs are the children of Catharine Armington, who died March 15th 1856, and that her surviving husband died in February 1877, then the plaintiffs are entitled to a verdict. *Declined.*

2. The deed from Hibberd to Catharine Armington must be presumed to have passed a proper title to her, unless it is shown that the transfer was made for the purpose of defrauding some creditor under whom the defendants claim, and that such creditor was, in fact, defrauded by the conveyance, or would be defrauded if the conveyance was sustained, and without convincing evidence of such fraud your verdict must be for the plaintiffs. *Declined,* in view of the evidence.

[Armington *v.* Rau.]

3. If the judgment of Malin *v.* Armington, was obtained on April 2d 1847, and revived by Armington's agreement on April 1st 1852, after his conveyance of the property to Hibberd, without notice to the person holding under that conveyance, then such judgment ceased to be a lien on the premises, and the sheriff's sale under that judgment passed no title to the purchaser which ·can be asserted against the plaintiffs' title. *Declined.*

5. Under all the evidence in the case, your verdict must be for the plaintiffs. *Declined.*

The court charged, inter alia: "This (Malin) judgment was an existing debt against Armington, and the sheriff's sale conveyed a good title to. Würfflein, through whom the defendants claim, unless Armington was solvent at the time he conveyed to Hibberd, or Hibberd was a purchaser for value."

Verdict and judgment for the defendants, whereupon the plaintiffs took this writ of error, assigning for error, inter alia, the refusal of their points, as above, and the portion of the charge quoted.

*Joseph M. Pile,* for the plaintiffs in error.—The Malin judgment being an existing lien on the premises at the time of the conveyance by Armington to his wife, through a trustee, that conveyance was subject to its lien, and even if the conveyance were intended to be fraudulent as against existing or subsequent general creditors, it was not, and could not be, in fraud of that judgment, which was enforceable against the premises after the conveyance, just the same as before. The conveyance, however, being duly recorded, it was the duty of the judgment creditor to bring in the terre-tenant as a party to its revival, and failing so to do, the judgment lost its lien as to such terre tenant and parties claiming through her : Armstrong's Appeal, 5 W. & S. 352; Fickes's Appeal, 21 P. F. S. 449; Rudy's Appeal, 9 W. N. C. 308; Davis *v.* Ehrman, 8 Harris 256. The sheriff's sale under the Malin judgment, through which the defendants claim, passed, only, John F. Armington's life estate as tenant by curtesy (his wife being then dead), and upon his death, the plaintiffs as heirs of Mrs. Catharine Armington, became entitled to recover the premises.

*John G. Johnson,* for the defendants in error.—The judgment was in full force against John F. Armington, who remained in possession from its date to the sheriff's sale. Under such circumstances neither the judgment creditor nor a purchaser at sheriff's sale under the judgment can be affected by

a fraudulent or voluntary conveyance made by the debtor to his wife.

Mr. Justice TRUNKEY delivered the opinion of the court, April 17th 1882.

In 1857 John F. Armington gave the lot in controversy to his wife and the deeds were recorded on the 22d of January, 1852. Both Armington and his wife died before the beginning of this suit, and their children are the plaintiffs.

Malin's judgment was entered in 1847, when Armington owned the lot, and revived April 1st 1852, after he had conveyed it, without notice to the terre-tenant whose deeds were recorded. Upon this judgment, in 1856, the lot was sold at sheriff's sale, and the title of the purchaser has been vested in the defendants.

It is conceded by defendants that a terre-tenant has the right to notice of revival of a judgment, provided the conveyance to him or her, is one valid against the creditor sought to be affected thereby.

Haak's Appeal, just decided, was governed by the controlling principle in this cause, namely, a prior lien-creditor cannot question the validity of his debtor's conveyance. This is plain from the terms of the statute relating to fraudulent conveyances and accords with the decisions in Pennsylvania. The debtor conveys subject to the lien. He has a right, upon such condition, to sell or give away his land, and if he does so fraudulently, the grantee's title is good against all the world, except creditors and persons intended to be hindered, delayed or defrauded. A prior lien-creditor is not such person. The conveyance, whether bona fide or fraudulent as respects creditors who have no liens, is no obstruction or hindrance to the enforcement of payment of the prior lien, and such lien, by observance of the statutes relating to its revival, may be preserved till satisfied.

The plaintiffs were entitled to affirmance of their first, second, and third points. And if it was admitted, as it appears to have been, that the plaintiffs are the heirs of Catharine Armington and that John M. Armington is dead, their fifth point should also have been affirmed.

> Judgment reversed, and venire facias de novo awarded.