# George Lyon to use of Gustavus Conklin *v.* J. C. Cleveland, Appellant.

## [Marked to be reported.]

*Judgment—Revival of judgment—Conveyance of land subject to judgment — Recording deed — Possession — Notice to judgment creditor — Terre tenant.*

If the purchaser of land subject to the lien of a judgment takes possession or records his deed, the plaintiff in the judgment is bound to take notice of the situation of the purchaser as a terre tenant, and thereafter upon the revival of the judgment to give him notice; but if the purchaser fail to record his deed, or take possession, and the plaintiff in the judgment has no knowledge, actual or constructive, of the conveyance, the purchaser does not become a terre tenant of the land, and a revival of the judgment thereafter without notice to him will continue its lien upon the land, whether the judgment of revival is obtained by means of a writ of scire facias regularly issued, or by an amicable scire facias.

Where a judgment creditor revives the lien of his judgment by an amicable scire facias, and about a year afterwards discovers that the owner of the land had secretly conveyed it to his wife before the revival, the judgment creditor need take no steps to protect his lien until the appropriate time to revive it, when he may issue a sci fa. to revive, with notice to the defendant's wife as terre tenant, and base the proceedings upon the previous revival.

If the judgment creditor immediately after the discovery of the secret conveyance, and four years before it is necessary to revive the judgment against the defendant, issues a scire facias to revive the original judgment, with notice to the terre tenant, the new writ is unnecessary and irregular, but issuing it will not be construed as an abandonment of the lien obtained by the amicable revival.

Argued March 18, 1895.    Appeal, No. 514, Jan. T., 1894, by defendant, from order of C. P. Bradford Co., May T., 1891, No. 661, discharging rule to set aside execution, and strike off judgment.    Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM and FELL, JJ.    Affirmed.

Rule to strike off judgment and set aside execution.    Before PECK, P. J.

The facts appear by the opinion of the Supreme Court and by the following opinion of the court below:

" On the 3d of November, 1886, George Lyon entered a judgment against the defendant **J. C. Cleveland** for $3,000, to

No. 406 Dec. T., 1886, in the court of common pleas of Bradford county. On the 30th of January, 1891, George Lyon, the plaintiff, assigned the judgment to Gustavus Conklin, who filed the assignment of record the day following. On the 6th of April, 1891, Conklin revived the judgment against J. C. Cleveland, the defendant, by an amicable scire facias, to No. 661 May T., 1891. About the 1st of April, 1892, Conklin was informed that the defendant had conveyed the land upon which the original judgment was a lien to his wife, Florence A. Cleveland (by deed dated February 24, 1891, but which was not recorded until about February 24, 1893). He went at once to see the defendant and his wife and asked them to revive the judgment by an amicable scire facias, so as to preserve the lien of the judgment against the land in the hands of the terre tenant, Florence A. Cleveland ; this they refused to do.

" The plaintiff on the 11th of April, 1892, issued a scire facias against the defendant and Florence A. Cleveland, terre tenant, upon the original judgment, No. 406 Dec. T., 1886, to No. 728 May T., 1892.

" On the 4th of April, 1892, the plaintiff issued a fi. fa. on judgment No. 661 May T., 1891, with directions to the sheriff to collect the interest due upon said judgment. This writ was returned by request of the defendant and consent of the plaintiff after the payment of costs by the defendant. On the 5th of April, 1893, the plaintiff issued an alias fi. fa. on judgment No. 661 May T., 1891, with directions to collect the interest due. The defendant, on the 17th of April, 1893, obtained a rule to show cause why the alias fi. fa. should not be set aside at the cost of the plaintiff. Upon the argument of this rule he asked that the rule might be enlarged so as to include a rule to strike off the judgment upon which the alias fi. fa. was issued, so that he might be able to review the action of this court should he desire to do so, which was granted.

" It is contended by the defendant's counsel that the issuing of the scire facias, No. 728 May T., 1892, upon the original judgment, was an abandonment of the judgment on the amicable scire facias, No. 661 May T., 1891, and that the judgment should be stricken off, and with it the alias fi. fa. issued thereon. In support of this position he cited 1 Trickett on Liens, 269 ; 3 Trickett on Liens, 309; Meason's Estate, 4 Watts, 341; Sil-

verthorn v. Townsend, 37 Pa. 263, and Middleton v. Middleton, 106 Pa. 259.

" The judgment entered upon the amicable scire facias was a valid judgment and regular in all respects, certainly up to the time the scire facias was issued. Can such a judgment be stricken off? I know of no authority for doing so, and none has been called to my attention. Nor am I convinced that the issuing of the scire facias, under the circumstances of this case, was an abandonment of the judgment on the amicable scire facias. Mr. Justice STRONG in Silverthorn v. Townsend, supra, says that " Abandonment is a thing of intention." I fail to find anything in this case that indicates to my mind an intention on the part of the plaintiff to abandon the judgment entered upon the amicable scire facias. He has by issuing fi. fas. treated it as a valid and subsisting judgment.

" When the original judgment was revived by amicable scire facias in April, 1891, the plaintiff had neither actual nor constructive notice of the alienation of the land by the defendant, and this revival continued the lien of the judgment upon the land and bound it, under the provisions of the act of the 16th of April, 1849, sec. 8, in the hands of the terre tenant. The plaintiff did not discover that the defendant had conveyed the land, until more than five years after the entry of the original judgment. The defendant and the terre tenant having refused to revive the judgment amicably, the only way the plaintiff could bring the terre tenant upon the record was to issue a scire facias. Had judgment No. 661 May T., 1891, been revived by a scire facias he could have brought in the terre tenant by an alias scire facias, but having revived it by an amicable scire facias he could not issue an alias to bring in the terre tenant: 3 Trickett on Liens, 312. He could not issue his scire facias on No. 661 May T., 1891, to bring in the terre tenant: Zerns v. Watson, 11 Pa. 260. In Little v. Smyser, 10 Pa. 381, Mr. Justice BELL says : ' The object of the scire facias was to continue the lien of the original judgment, which still subsisted against the land, in the hands of the vendee of the original defendants. To effect this it was absolutely necessary to sue on the first judgment, for the simple reason that the second was rendered after the alienation against the alienor alone, and consequently alienee could not, for any purpose, be deemed

a party to it.' As more than five years had intervened between the entry of the original judgment and issuing of the scire facias, it was necessary in order to preserve the lien, under the act of 1849, that the judgment should be kept revived against the defendant, and for that purpose an amicable scire facias was as effectual as a scire facias, and to have abandoned this judgment was to abandon his lien against the land. Whatever has been done has been in consequence of the acts of the defendant and the terre tenant, and they ought not to profit by their own improper acts. Rule discharged."

*Error assigned* was above order.

*Edward Overton,* for appellant.—The courts have power to set aside executions and to open or set aside judgments entered upon confession, for causes appearing on the record, and also for causes that may be made to appear by evidence : Banning v. Taylor, 24 Pa. 289; Hutchinson v. Ledlie, 36 Pa. 112; Givens' App., 121 Pa. 260.

A scire facias is the equivalent of an action of debt. It has with us all the qualities and incidents of an action : Duff v. Wynkoop, 74 Pa. 300 ; Rutherford v. Boyer, 84 Pa. 347 ; Lamb's App., 89 Pa. 407 ; Stewart v. Peterson's Exr., 63 Pa. 230.

There can be but one final judgment in any personal action, whether founded on contract or in tort: O'Neal v. O'Neal, 4 W. & S. 130; Walton's App., 153 Pa. 99.

A recovery in a personal action is a bar to a recovery in proceedings instituted by attachment whether defendant does or does not file a bond: Brenner v. Moyer, 98 Pa. 274; Miller v. Rohrer, 127 Pa. 384; Baxley v. Linah, 16 Pa. 241; Custer v. Detterer, 3 W. & S. 28.

It has never to our knowledge been attempted by any one, except the present plaintiff, to proceed on the amicably revived judgment, after a new judgment has been obtained on a subsequent sci. fa. on the original judgment: Little v. Smyser, 10 Pa. 381; Zerns v. Watson, 11 Pa. 260.

A judgment relates back to the date of the verdict, and the defendant can avail himself of it pending proceedings : Finley v. Hanbest, 30 Pa. 190.

The lien obtained in 1891 was abandoned: Topley's App., 13 Pa. 424 ; Roshing v. Chandler, 3 Pa. 369 ; Robins v. Bellas, 2 Watts, 359 ; Robinson v. Ry. Co., 66 Pa. 160.

That a plaintiff may by his acts abandon a judgment obtained by an amicable revival is recognized by Mr. Justice Todd in Ramsey v. Linn, 2 Rawle, 229 ; Eby's Case, 9 W. & S. 145 ; Man v. Drexel, 2 Pa. 202 ; Bank of Washington v. Meason, 4 Watts, 341 ; Silverthorn v. Townsend, 37 Pa. 263 ; Missimer v. Ebersole, 87 Pa. 109 ; Middleton v. Middleton, 106 Pa. 259.

*J. C. Ingham, D' A. Overton* with him, for appellee.—A judgment regular upon its face and with no irregularity shown in the entering of it cannot be stricken off: Humphreys v. Rawn, 8 Watts, 78 ; Horner & McCann v. Hower, 39 Pa. 126 ; Breden v. Gilliland, 67 Pa. 34 ; King v. Brooks, 72 Pa. 363 ; McCutcheon v. Allen, 96 Pa. 319 ; Stoke v. McCullough, 107 Pa. 42 ; France v. Ruddiman, 126 Pa. 257 ; Bank v. James, 152 Pa. 364 ; Swarts v. Morgan, 163 Pa. 195 ; Morgan's App., 163 Pa. 195.

A judgment will not be summarily stricken off for matters dehors the record: Brewing Co. v. Booth, 162 Pa. 100 ; Humphreys v. Rawn, 8 Watts, 80.

Abandonment is absolute relinquishment. It includes both the intention to abandon and the external act by which the intention is carried into effect: 1 Eng. & Amer. Ency. of Law, 1.

As abandonment is a question of intention we can see no manifestation of such purpose in the facts and circumstances of this case: Reynolds' App., 5 W. N. C. 184 ; Meason's Est., 4 Watts, 341 ; Ramsey v. Linn, 2 Rawle 229 ; Fursht v. Overdeer, 3 W. & S. 470.

OPINION BY MR. JUSTICE WILLIAMS, October 7, 1895:

This appeal presents an interesting question. It cannot be said to be definitely settled, but its solution will be made comparatively easy by a distinct statement of it and of the facts on which it arises. The plaintiff is the holder of a judgment against the defendant which was entered in 1886. It then became a lien upon a valuable farm owned by the defendant and occupied by himself and his family. In 1891 the defendant and his family were still in possession of the farm without visi-

ble change.    The record showed the title remaining in him.
There is no allegation of notice actual or constructive that the
defendant had parted with his title to any one.    Upon this state
of facts the plaintiff applied to the defendant to revive and
continue the lien of the judgment by an amicable scire facias.
This was done and the judgment of revival duly entered on the
records by the prothonotary.    During the following year Mrs.
Cleveland told the plaintiff that her husband had conveyed the
farm to her by a deed executed by him prior to the revival of
the judgment by amicable scire facias in 1891.    This informa-
tion started in the mind of the plaintiff the question whether
the unrecorded conveyance to Mrs. Cleveland would affect in
any manner the lien of his judgment as revived by the amicable
scire facias signed only by the defendant.    He seems to have
assumed that this question must have an affirmative answer,
and to have turned to consider in the next place what it was
necessary for him to do in order to preserve the lien of his judg-
ment upon the farm in the hands of Mrs. Cleveland as terre
tenant.    The answer to the first of these questions will dispose
of this appeal and of the appeal of Mrs. Cleveland in another
case which was heard at the same time with this one.    We are
to inquire therefore what effect the secret conveyance by Cleve-
land to his wife had upon the lien of the plaintiff's judgment
upon the farm so conveyed.    It may be well to begin this
inquiry by considering just what is meant when we speak of
the lien of a judgment upon real estate.    At common law a
judgment was not a lien upon either personal or real estate.
We have no statute that in express words makes a judgment a
lien on land.    The lien is not an incident of the judgment,
therefore, but the result or outgrowth of a succession of statutes
subjecting land to seizure and sale upon execution process.
Accordingly it has been uniformly held that a judgment on
which a seizure and sale of land is not authorized is not a lien
on the real estate of the defendant: Beam's Appeal, 19 Pa.
453 ; Schaffer v. Cadwallader, 36 Pa. 126.    Judgments against
the commonwealth, against counties and townships, against mu-
nicipal corporations, and against canal and railroad companies
belong to this class.    Writs of fi. fa. for the seizure and sale of
the property of the defendant do not ordinarily issue upon such
judgments, but other methods of compelling payment are pro-

vided by statute.   When the right to seize and sell land in satisfaction of a judgment does exist it must be exercised within such period as the law giving the right may appoint.   Formerly this period was a year and a day, and if this was allowed to elapse the plaintiff was required to warn the defendant by a writ of scire facias post annum et diem before he could seize the defendant's land in satisfaction of his judgment.   While the right of seizure lasted the judgment was said to be a lien on the defendant's real estate.

When the right of seizure was lost by lapse of time the judgment was said to have lost its lien.   By our act of April 16, 1845, the plaintiff's right to seize land was extended from a year and a day to five years from the date on which the judgment was entered.   The judgment is therefore said to be a lien for five years from its date upon all the real estate owned by the defendant at that time, because the plaintiff may levy upon and sell such real estate for the collection of the sum due him on his judgment at any time within five years.   If the five years are allowed to expire the plaintiff is in the same situation that he would have been in under the old law limiting his right to execution to a year and a day.   His right to seize the defendant's land is lost by the lapse of time ; or in other words, the judgment has lost its lien, since it will not support execution process until regularly revived.   The revival of a judgment means simply a new award of execution process for its collection.   This may be had by means of a writ of scire facias, which, after the expiration of five years, is in effect a scire facias quare executionem non.   If issued before the expiration of five years it is a sci. fa. to revive and continue the lien of the judgment for another period of five years.   Judgment of revival may be had also by the consent of the defendant without a writ.   Such a revival is known as an amicable scire facias, and authorizes the prothonotary to enter judgment against the defendant for the amount due on the judgment, and that the lien of the judgment be extended for another period of five years.   This judgment may be again revived as often as the lapse of time may require, either amicably or by writ, and the right of the plaintiff to resort to the real estate owned by the defendant when the judgment was entered is thereby preserved.   The last judgment of the series is that by which the amount of the plaintiff's

demand is ascertained, and his right to execution therefor determined. The several judgments that precede it have served to preserve the plaintiff's right to seize, upon execution process, all the real estate that could have been seized under the original judgment; or in other words they have continued the lien of the judgment upon the lands that were originally subject to it. But being more than five years old they will not support execution process, and have ceased to have any significance except as supports to the last of the series, and to process issued upon it. When the defendant in the judgment sells land, the purchaser is bound to take notice of the record. The record informs him of the existence and amount of the judgment; and the law, which he is also bound to know, informs him that the land he is buying is subject to seizure and sale for the payment of the judgment at any time within five years. If he takes possession of the land or records his deed, the plaintiff is bound to take notice of his situation as a terre tenant, and thereafter, upon the revival of the lien of his judgment, to give the terre tenant notice : Armington v. Rau, 100 Pa. 165. If the purchaser does not record his deed or take possession, but leaves the defendant in undisturbed possession of the land, so that the plaintiff has no knowledge of the conveyance, actual or constructive, he does not become a terre tenant of the land, and has no interest therein of which the plaintiff can take notice. As between himself and his vendor he may have a good title, but as to the lien creditor he has none, because the conveyance to him is and remains a secret one while the vendor is permitted to remain in possession in the same manner as before the secret conveyance was made. Under such circumstances the revival of the judgment against the defendant is all that is possible to the creditor, and it will continue the right to seize and sell the real estate which was subject to seizure under the preceding judgment or judgments of the series. It can make no difference whether the judgment of revival is obtained by means of the writ of scire facias regularly issued, or by an amicable scire facias. It is a judgment against the defendant who was the owner of the land when the judgment was entered, and who remains so to all appearances, and as to all means of knowledge open to the creditor. If the creditor or the purchaser must lose, and if both of them may be said to be innocent parties, then the

loss must fall on him whose neglect to give notice has occasioned the omission or failure complained of.   But if the purchaser records his deed or enters into the actual possession of the land he becomes a holder of the land bound by the judgment, a terre tenant, of whose position and interest the judgment creditor is bound to take notice at his peril.  If thereafter the plaintiff in a judgment against the vendor disregards the position of the terre tenant and revives his judgment without legal notice to him, he will lose his lien, as to the lands so acquired by the terre tenant, at the end of five years from the time when the notice of the terre tenant's title can be brought home to him.   It remains to apply these principles to the facts of this case.   The judgment held by Conklin was entered against Cleveland in 1886.   The defendant then owned the farm on which he lived and the judgment became a lien upon it.

In 1891 the state of the record and of the possession remained the same as in 1886.   The plaintiff having therefore no notice of any change in the title revived his judgment by an amicable scire facias signed by the defendant.   This judgment of revival continued the right of the plaintiff to execution against all the lands previously bound by the judgment entered in 1886 ; in other words it continued the lien of the judgment upon all such lands against the · defendant and all persons claiming under him by means of any secret conveyance.   Mrs. Cleveland held such a conveyance.   She was bound to know of the judgment and its lien upon the farm.   She was bound to know that if she expected to assert the rights of a terre tenant it was her duty to make her title public so that the plaintiff could be fixed with notice of it.   She did nothing.   The plaintiff did the only thing possible for him.   He revived his judgment against the defendant, and we have no doubt that the revival bound the land as to any interest acquired by Mrs. Cleveland, just as completely as it would have done if she had joined in the agreement with her husband.   This revival continued the lien of the judgment for five years from the date of its entry, and the subsequent recording of a deed, or notice given in any other manner, could have no retroactive operation.   This then was the situation when in 1892 Mrs. Cleveland gave the plaintiff notice that she held a deed for the farm which had been executed before the entry of the judgment upon the amicable scire

facias. This notice did not affect the lien of the judgment in the slightest degree. It gave her no rights as a terre tenant except such as began at that time. The plaintiff and the lien of his judgment stood after the notice was given just as they stood before. There was no reason for taking any precautionary steps, or making any effort to bring Mrs. Cleveland on the record, until it became necessary to revive the judgment again against the defendant. The plaintiff seems to have reached an opposite conclusion. He at once issued a scire facias on the original judgment, which was at the time more than five years old, and named Mrs. Cleveland therein as a terre tenant. This was not only unnecessary, but it was wholly unauthorized. The defendant took defense on the ground that the judgment had been once regularly revived as against him and that he was not liable to a second judgment for the same cause of action. Mrs. Cleveland took defense on the ground that the lien of the judgment of 1886 had been lost by lapse of time and could not be revived against her. The court below overruled the defense set up by the defendant, disposed of Mrs. Cleveland's allegation that as to her the judgment of 1886 having ceased to be a lien would not support the scire facias, by admitting evidence to show the continuance of the lien against the defendant, and then rendered judgment against both. This was an error. The writ should not have been issued. Having been issued the court should have refused to enter judgment upon it against either of the defendants. The plaintiff needed no help until it should become necessary to revive his judgment again. When that time comes he will issue his writ of scire facias naming Mrs. Cleveland as terre tenant, but he will proceed upon the judgment entered upon the amicable scire facias in 1891, which as we have seen binds the land as well in the hands of Mrs. Cleveland, upon the facts of this case, as in the hands of her husband. But the error into which the plaintiff and the court below fell was not in this case, but, as we have said, in the action brought by scire facias against the defendant, and his wife as terre tenant, on the original judgment entered in 1886.

The judgment appearing upon this record is therefore affirmed.