# Braun *v.* First German Evangelical Lutheran Church.

*Trusts and trustees—Trust ex maleficio—Parol contract.*

A trust ex maleficio can only result from some act of bad faith, and a mere refusal to perform a parol contract to hold or convey land is not sufficient to create such a trust.

*Trust and trustees—Evidence—Chancellor.*

The evidence in support of a parol trust must be clear, precise and convincing; and in an action of ejectment to enforce such a trust, the trial judge acts as a chancellor, as to the question of the existence of the alleged resulting trust; and if, in his judgment, the evidence is insufficient to sustain a verdict, it is his duty to withhold it.

*Trust and trustees — Resulting trust—Statute of limitations — Act of April 22, 1856, P. L. 533.*

Where a person accepts an absolute conveyance of property for a purpose which he performs, he cannot, after the expiration of twenty-one years from the date of the conveyance, be charged with a resulting trust by parol evidence, or by a writing which can only serve the purpose for which it is offered by parol evidence to contradict its terms.

MITCHELL, J., dissents.

Argued Oct. 24, 1900.   Appeal, No. 108, Oct. T., 1900, by plaintiff, from judgment of C. P. No. 3, Allegheny Co., Feb. T., 1899, No. 383, on verdict for defendants in case of Catharine L. Braun v. First German Evangelical Lutheran Church.   Before McCOLLUM, C. J., MITCHELL, FELL, BROWN, MESTREZAT and POTTER, JJ.   Affirmed.

Ejectment for a lot of ground in the fifth ward of the city of Allegheny.   Before McCLUNG, J.

The facts are fully stated in the opinion of the Supreme Court.

At the trial the court gave binding instructions for defendant.

Verdict and judgment for defendant.   Plaintiff appealed.

*Error assigned* among others was in giving binding instructions for defendant.

*W. B. Rodgers,* with him *John Marron* and *F. C. McGirr,* for defendants.—The fair interpretation of exhibit " No. 1 " is, that

whenever the consideration money of $17,700 was paid out of sales, then the remainder of the property was saved to Braun and to be reconveyed.   The parol evidence would have shown that the debts owing by Braun amounted to $17,700, and that that amount was stated as the consideration, and nothing was paid or to be paid to Braun as consideration for the deed.

But taking the paper alone, the understanding was that by selling some of the property Helmke was to be reimbursed or receive the consideration named, and whatever part of the property was left was saved to Braun; what was to be saved, or whether any was to be saved, was not intended to be left to Helmke, otherwise the trust would be of no avail.

But in making the paper, either through fraud or mistake, Helmke declared what was untrue, and which of course he knew, viz: that all had been sold, when in fact the property in dispute had not been sold.   This constituted a fraud on Braun, and gave his heirs the right to maintain this ejectment.   The trust was at an end, because fully executed, and in any event could be ended upon discovery of the fraud.

*J. Robert Wright*, for appellee.—Evidence to prove the creation and existence of the trust should be evidence which would be sufficient to support a decree for specific performance of a similar contract in equity.   If, in the judgment of the trial judge, the evidence is insufficient to sustain a verdict, it is his duty to withdraw the case from the jury.

This principle is well recognized in a long and unbroken line of authorities beginning with Barnet v. Dougherty, 32 Pa. 371, and continuing through Kistler's Appeal, 73 Pa. 393, Nicolls v. McDonald, 101 Pa. 514, Reno v. Moss, 120 Pa. 67, Wylie v. Mansley, 132 Pa. 65, and Gilchrist v. Brown, 165 Pa. 275.

Specific performance will not be decreed unless the terms of the contract be clear and capable of ascertainment from the instrument itself, without aid of extrinsic evidence: Hammer v. McEldowney, 46 Pa. 334.

In order to establish a trust in land, the written evidence thereof, required by the act of assembly of 1856, should contain within itself all that is necessary to enable the chancellor to declare the trust and to make a decree in favor of the beneficiaries: Dyer's App., 107 Pa. 447.

A contract for the sale of land is within the statute of frauds, and therefore void and unenforceable, if parol testimony be required to establish any essential part of it: Mellon v. Davison, 123 Pa. 298; Rineer v. Collins, 156 Pa. 348; Ballou v. March, 133 Pa. 64.

In many particulars this case very closely resembles the case of Danzeisen's App., 73 Pa. 65.

OPINION BY MR. JUSTICE POTTER, January 7, 1901:

In November, 1877, Frederick Braun conveyed his real estate in Allegheny to William Helmke in order that it might be sold as opportunity should offer, and the proceeds be applied to the payment of liens against the property. The conveyance was intentionally made absolute to enable Helmke to make good title to purchasers. The property consisted of a lot of ground fronting on Windsor street, upon which were erected some five houses, Nos. 29, 31, 33, 35 and 39. The conveyance also included a piece of ground fronting on Ridge avenue, 75 × 200 feet. The only portion concerned in this litigation is that at Nos. 29 and 31 Windsor street. Helmke made sales of different pieces of the property until in November, 1881, a paper which is referred to in this case as exhibit " No. 1" was executed by Braun and wife, and Helmke and wife. This paper was as follows :

" The undersigned bought F. Braun's property situate in the 5th ward Allegheny City, according to deed, on the 10th of November, 1877, for seventeen thousand seven hundred dollars ($17,700), with the understanding by selling it to save Mr. Braun some of it. It is all sold now except Nos. 33 and 35 them two houses on Windsor street which I saved for him and which shall be signed over to him in January, 1882. Further it is understood the big house No. 39 Windsor street lot containing 78 × 110 shall when to be sold only sold 75 × 110.

" Allegheny City, Nov. 3, 1881.

" W. HELMKE.
" WILHELMINA HELMKE.
" F. BRAUN.
" Witness : S. BALL.          C. BRAUN."

It will be noticed that according to the terms of this paper

at the time of its execution all of the property had been sold except Nos. 33 and 35 on Windsor street, which were to be reconveyed to Braun in the following January. It appears from defendant's abstract of title, that Helmke and wife on June 6, 1879, more than two years prior to the date of this paper, had conveyed the premises at Nos. 29 and 31 Windsor street to William D. Porter, who by his deed dated the same day conveyed the same property to Wilhelmina Helmke, and she by her will, probated March 6, 1887, devised the same to her husband William Helmke, who by his will probated May 26, 1896, devised the property to the First German Evangelical Lutheran Church of Sharpsburg, Pa., the defendant herein. Frederick Braun died about November 15, 1885, leaving his widow and devisee, Catharine Braun ; and she in January, 1899, brought this suit in ejectment for the premises at Nos. 29 and 31 Windsor street.

Upon the trial, at the close of the testimony, the court gave binding instructions to the jury in favor of the defendant ; and this instruction is made the subject of the first assignment of error.

During the course of the trial the plaintiff offered in evidence exhibit " No. 1," being the paper above referred to, for the purpose of showing a trust in Helmke. The rejection of this offer and further offers of parol evidence in connection therewith to show misstatements of fact in the paper, and certain admissions by Helmke as to the title by which he held the property, are made the subject of the second assignment of error.

The court also sustained defendant's objection to an offer, by plaintiff, to prove by parol testimony that Helmke held the property in question in trust for Braun, and that he executed the paper marked exhibit " No. 1 " in acknowledgment of said trust, and that he admitted to having made a mistake in saying that all the property was sold with certain exceptions; and that he would account for the property described in the writ, either by selling or by deeding the same to the plaintiff. This ruling is made the subject of the third assignment of error.

A similar ruling of the court in excluding additional parol evidence offered by the plaintiff to prove that within three months of Helmke's death he had admitted that the ownership of the property in dispute in this case was in the plaintiff, and

that he would convey the same to her before he died, or in his will, is made the basis of the fourth specification of error.

In any aspect of it the plaintiff's case is an attempt to create a trust in land by parol testimony, and that at a period of time more than twenty-one years after the inception of the alleged trust. And this in the face of the admission that there was no imputation of fraud whatever upon the part of Helmke in the original transaction between himself and Braun. He accepted an absolute conveyance of the property made for the express purpose of enabling him to make sales, to pay off the indebtedness, and if possible save something out of the proceeds for Braun. There was no deception or trickery practised and none is alleged. Braun relied upon the good faith of Helmke to appropriate the proceeds of sales to the use specified. A breach of such duty, however, upon the part of Helmke would not convert him into a trustee: Danzeisen's App., 73 Pa. 65. If, therefore, any trust exists, it must be by reason of a declaration subsequent to the taking of the title, and such declaration must be in writing. The only offer of proof in writing made by the plaintiff was exhibit "No. 1." This paper does not bear out her contention. The definite statement is made in it, that all the property has been sold except Nos. 33 and 35, which had been saved by Helmke for Braun, and which he would deed to Braun, in the coming January. So far as the record shows this was done, and there is no complaint in this respect. Clearly then the court was right in rejecting the offer of exhibit "No. 1" as not tending in any way to prove a declaration of trust in the property at Nos. 29 and 31, the premises in dispute. It will not do to say that the offer should have been received, as contended by appellant, and oral testimony then admitted to contradict its terms. It is said by Justice PAXSON, in Dyer's App., 107 Pa. 446: "We regard the true intent and meaning of the act of 1856 to be, that when a trust is set up, the written evidence thereof, signed by the party holding the legal title, should contain within itself all that is necessary to enable a chancellor to declare the trust, and make a decree in favor of the beneficiaries, and that oral evidence cannot be introduced to support any missing links in the chain of testimony."

The matter of which plaintiff really complains in this case was the failure on the part of Helmke to convey to her the

premises in controversy. But even if there were a parol contract to convey the property, which is the subject of this litigation, a mere refusal to perform is not sufficient to create a trust. This court said in Barry v. Hill, 166 Pa. 348, " A trust ex maleficio can only result from some act of bad faith, and a mere refusal to perform a parol contract to hold or convey land is not sufficient to create such a trust."

In the case just cited, the grantee held the title for nearly four years, from its inception until his death. And this was deemed an ample period in which to permit the grantor to assert and secure his claim of title. Not having done so within that time it was held impossible to raise a trust ex maleficio.

In the case at bar no attempt to assert or secure title by Braun or by his widow, the plaintiff here, was made for more than twenty-one years. It would seem that the trust, as set up by the plaintiff, would be barred by the 6th section of the act of April 29, 1856, which prohibits any right of entry by reason of any implied or resulting trust, but within five years after the trust accrued. This doctrine is sustained by the case of Barry v. Hill, supra; and also by Christy v. Sill, 95 Pa. 380, Hollinshead's App., 103 Pa. 158, Silliman v. Haas, 151 Pa. 52, and Way v. Hooton, 156 Pa. 8.

No rule of law is better settled by the decisions of this court than that, requiring the evidence in support of a trust to be clear, precise, convincing and satisfactory to the conscience of a chancellor; and in an action of ejectment to enforce a resulting trust, the trial judge acts as chancellor, as to the question of the existence of the alleged resulting trust. If, in his judgment, the evidence is insufficient to sustain a verdict, it is his duty to withhold it: Bowen v. Haupt, 192 Pa. 409. Measured by this test we think the action of the court below in giving binding instructions to the jury to find in favor of the defendant, was entirely justified.

None of the specifications of error are sustained. The judgment entered on the verdict directed by the court below is affirmed.

MITCHELL, J., dissents.