## Heath, Appellant, v. Walkinshaw & Walkinshaw etc.

*Resulting trust—Attachment execution—Fraudulent conveyance—Conveyance from father to son—Adequate consideration—Evidence.*

The evidence in support of a resulting trust must be clear, precise, convincing and satisfactory to the conscience of a chancellor. If in his judgment, the evidence is insufficient to sustain a verdict, it is his duty to withhold it.

In an Attachment Execution a creditor of the father attached a fund of the son's, claiming that the conveyance by the father to the son was fraudulent. The father, while in debt, conveyed to his son certain real estate for the sum of $2,000.00, which real estate the son conveyed to a third party, five years later, for $9,000.00. The son showed that as further consideration of the purchase price, he paid off judgments on the property to the amount of $3,600.00; that

he agreed to and did pay out the sum of $940.00, for the care of his mother and likewise paid her funeral expenses. The total consideration amounted to over $7,000.00. Under such circumstances there was no evidence of fraud, the conveyance was bona fide and the consideration was adequate, and judgment was properly entered in favor of defendant.

Argued April 23, 1925. Appeal No. 61, April T., 1925, by plaintiff from judgment of C. P. Westmoreland County, November T., 1921, No. 712, in the case of James H. Heath v. Walkinshaw & Walkinshaw, to wit: Hugh H. Walkinshaw and L. C. Walkinshaw, partners, with notice to D. R. Walkinshaw, Executor of Hugh W. Walkinshaw, and to D. R. Walkinshaw, Garnishee. Before PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Affirmed.

Attachment execution. Before COPELAND, P. J.

The opinion of the Superior Court states the case.

Verdict for plaintiff in the sum of $997.15. Subsequently the court on motion entered judgment non obstante veredicto for defendant. Plaintiff appealed.

*Error assigned* was the order of the court.

*James L. Kennedy,* and with him *Christopher C. Walthour* and *John E. Kunkle,* for appellant.

*Albert H. Bell,* and with him *J. Clarke Bell, Adam M. Wyant* and *Paul J. Abraham,* for appellee.—Business dealings between parents and children and other near relatives are not *per se* fraudulent: Coleman's Estate, 193 Pa. 605; Compton v. Hoffman, 265 Pa. 257; Brown's Appeal, 86 Pa. 524; Smith v. Keener, 270 Pa. 582.

It is not enough to charge fraud and prove in support thereof slight circumstances of suspicion only: Morton v. Weaver, 99 Pa. 52; Mead v. Conroe, 113 Pa. 228; Walter v. Martin, 274 Pa. 529.

OPINION BY TREXLER, J., July 9, 1925:

James H. Heath, plaintiff and appellant, was the payee of a judgment note dated the 17th day of March, 1914, signed by Walkinshaw & Walkinshaw, Hugh W. Walkinshaw being one of the parties embraced in the subscribed name. On the 28th day of March, 1917, judgment was entered on record. On the 31st day of October, 1921, an attachment execution was issued directed to D. R. Walkinshaw, executor of Hugh W. Walkinshaw, deceased, and D. R. Walkinshaw, garnishee. The money sought to be recovered was out of a sum alleged to be due to Hugh W. Walkinshaw from D. R. Walkinshaw, Heath the attaching creditor claiming that it arose thus. By deed dated the 28th day of March, 1915, and recorded the same day Hugh W. Walkinshaw and wife conveyed three and two-tenths acres of land in Westmoreland County to D. R. Walkinshaw for the consideration of $2,000, that being the amount mentioned in the deed. Subsequently on the 16th day of August, 1920, D. R. Walkinshaw and wife conveyed to Nevin C. Wolf and wife practically the same premises above mentioned for the consideration of $9,000. At the time of the conveyance from Hugh W. Walkinshaw to D. R. Walkinshaw for the sum of $2,000 it is claimed that the property was worth from $6,500 to $7,000 and therefore the consideration was entirely inadequate and that the property being sold for $9,000 he having paid only $2,000 for it there is a resulting trust in favor of the vendor's creditors. The claimant furthermore presents that D. R. Walkinshaw in answer to an interrogatory filed admits that he has $6,000 derived from the proceeds of the sale to Wolf but he claims it is his own money. D. R. Walkinshaw's story is that it is true that the consideration from Hugh W. Walkinshaw to him calls for $2,000, that this was paid in cash, that at the same time there were judgments

against the property amounting to $3,600 which he subsequently paid off and that as an additional consideration for the property he agreed to take care of the wife of Hugh W. Walkinshaw and actually spent the sum of $940 for that purpose thus showing an expenditure of $6,500 in round figures. Furthermore he paid the funeral expenses of the widow of Hugh W. Walkinshaw which raises the amount of the consideration to over $7,000. According to the testimony, the property at the time it passed was not worth over $7,000. There was also testimony that the difference in the value in 1915 and in 1920 was the result of a general enhancement during the period.

In cases like this the court has the functions of a chancellor. In Braun v. First Evangelical Lutheran Church, 198 Pa. 152, 157, it is said: "No rule of law is bettter settled by the decisions of this court than that, requiring the evidence in support of a trust to be clear, precise, convincing and satisfactory to the conscience of a chancellor; and in an action of ejectment to enforce a resulting trust, the trial judge acts as chancellor, as to the question of the existence of the alleged resulting trust. If, in his judgment, the evidence is insufficient to sustain a verdict, it is his duty to withhold it; measured by this test we think the action of the court below in giving binding instructions to the jury to find in favor of the defendant, was entirely justified." See also Gilchrist v. Brown, 165 Pa. 275. We all agree with the lower court that there was no evidence of fraud, that the transaction was legitimate and that its consideration was adequate. The plaintiff has failed to support his case on the merits.

The judgment is affirmed.