## Garland, Appellant, *v.* Seaton.

*Ejectment—Trustee ex maleficio—Evidence—Sufficiency.*

In an action of ejectment, a non suit is properly entered, where the evidence established that the plaintiff and defendant claim under the same title, and there is no proof that the title of the former is superior to the latter.

A bona fide purchaser for value, without notice, from one who holds the record title derived at a sheriff's sale, has a good title, in the absence of any proof of a superior title of the purchaser or of fraud or misconduct in the purchase.

As to matters of fact set forth therein, the sheriff's return is conclusive and cannot be impeached except in a proceeding, the object of which is to falsify the return.

The evidence in support of a trust must be clear, precise, convincing and satisfactory to the conscience of a chancellor; and in an action to enforce a resulting trust, the trial judge acts as chancellor as to the question of the existence of the alleged resulting trust. If, in his judgment, the evidence is insufficient to sustain a judgment, it is his duty to withhold it.

Argued April 23, 1925. Appeal No. 56, April T., 1925, by plaintiff from decree of C. P. Westmoreland County, February T., 1922, No. 847, in the case of W. T. Garland v. W. C. Peoples, with notice to John Seaton, terre tenant. Before PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Affirmed.

Ejectment for tract of land situate in Fairfield Township. Before COPELAND, P. J.

The facts are stated in the opinion of the Superior Court.

The court entered judgment of non-suit, which it subsequently refused to strike off. Plaintiff appealed.

*Errors assigned* were various rulings on evidence and the decree of the court.

*S. W. Bierer,* and with him *S. A. Kline, Wade T. Kline* and *G. P. Kline,* for appellant.—The sale to Seaton was void because of fraud: Schnurman v. Hillegas, 276 Pa. 556; Phelps et al., v. Benson, Ap., 161 Pa. 418; Lockhart v. John, 7 Pa. 137; Fetterman v. Murphy, 4 Watts 424; Hoffman v. Strohecker, 7 Watts 86.

*Arthur H. Bell,* and with him *James Clarke Bell,* for appellee.—The trial judge acts as chancellor in passing on the existence of an alleged resulting trust, and if in his judgment the evidence is insufficient to sustain a judgment it is his duty to withhold it: Braun v.

Church, 198 Pa. 152; Bowen v. Haupt, 192 Pa. 406; Olinger v. Sheetz, 183 Pa. 469; Barnet v. Daugherty, 32 Pa. 371; Kistler's Appeal, 73 Pa. 393; Nicolls v. McDonald, 101 Pa. 514; Reno v. Moss, 120 Pa. 67; Wylie v. Mansley, 132 Pa. 65; Gilchrist v. Brown, 165 Pa. 275.

OPINION BY LINN, J., October 6, 1925:

This is an action of ejectment brought January 19, 1922, against Peoples and Seaton. Seaton was served by the sheriff who returned that he was in possession. Peoples accepted service of the writ. When plaintiff's evidence was in, the court entered a compulsory non-suit. The refusal to take off the non-suit and the rejection of certain offers of proof are now complained of.

Appellant's argument on fraud would come with force if Peoples instead of Seaton held the land or had any interest in it when the writ issued, but there is no evidence, and nothing in the offers of proof, to affect Seaton in any legal sense with Peoples's alleged misconduct, apparently at the bottom of this suit. Nor is there any merit in the contention that title did not pass by the sheriff's sale.

Both sides agree that prior to March 31, 1908, the title was in Lemmon et al., subject to two judgments against them, one of $500, the other of $400. Lemmon et al. conveyed to Garland, the appellant, March 31, 1908, subject to the judgments, by deed duly recorded; when the conveyance to Garland was made, he executed a $1200 judgment bond to Peoples, $900 of which was said to be collateral security for the payment of the two judgments specified and $300 representing other debts of Garland's. At that time, Peoples also owned or controlled the two judgments subject to which Garland bought. Peoples issued execution on all three judgments at February Term, 1917, at Nos. 63, 64, and 67,—No. 63, covering the $500 judgment, 64, the $400

judgment, 67, the $1200 judgment, and the sheriff sold on the three writs, and so returned. The judgments, originally entered in 1906, 1907, and 1908 respectively, had been kept alive by revival (appellant himself appearing and confessing judgment on revival), but in the case of the $500 judgment the lien expired on January 3, 1917, while the sheriff's sale did not take place until February 10, 1917, at which date the other two judgments only were liens. The sheriff's deed to Peoples, offered in evidence by appellant, recites that the sale was pursuant to the writs at Nos. 63, 64, 67, February Term, 1917. Peoples, on his bid of $3, was the purchaser at this sale and received the sheriff's deed dated February 14, 1917, duly recorded. On April 5, 1917, Peoples conveyed to Seaton by deed duly recorded. The sheriff made a full and formal return of the sale on the writ at Nos. 63 (the $500 judgment) and a short return in the case of the other two executions in the following language: "For return see return to Fi Fa No. 63, Feb. T., 1917." Appellant contends that such return is inadequate to support the sale on the two judgments, which, it is conceded, were then liens on the land. Apart now from the power to amend the returns by appropriate proceeding (Act of April 21, 1846, P. L. 430), the point is ruled against appellant in Ruth and Stoner's Appeal, 20 W. N. C. 375, in which the Supreme Court said: "The execution issued upon this judgment was delivered to the sheriff after the writ of the appellants came to his hands but before the sale. The sheriff having both writs in his hands at the same time, made return to the writ of the appellants that he had levied and sold the real estate of the defendant in the execution, in obedience to and by virtue of that writ, and to the writ of the Building and Loan Association [the second writ placed in his hands] he returned: 'Same return as at No. 151, May Term, 1886'. Whether he meant by this to say that he had levied and sold, under the writ of the associa-

tion also, is perhaps not quite so clear as might be de-
sired, but the natural interpretation of his words is to
that effect. For the 'same return,' written out in full,
would, with reference to that writ, mean the same
thing as the return upon the other writ meant in ref-
erence to it. This conclusion is strengthened by the cir-
cumstances that, in the fully written out return, the
sheriff certified that, as it appeared from the proper
record, that the association as a lien creditor was en-
titled to the sum of $326.81, he had taken their receipt
for that amount. As this return would only be consis-
tent with the fact that he had sold the property under
both writs, we are obliged to assume such to be the
fact. Of course, if the sale was made upon both writs,
the lien of the mortgage, for the debt secured by it for
which the judgment was entered, would be divested by
the sale. As to the matters of fact set forth therein,
the sheriff's return is, of course, conclusive, and can-
not be impeached except in a proceeding, the object of
which is to falsify the return.'' See generally: Sher-
rard v. Johnston, 193 Pa. 166; Lyon v. Cleveland, 170
Pa. 611.

In the other division of his argument, appellant
says Peoples was his attorney, and accuses him of mis-
conduct and of breach of contract with regard to the
executions on the judgments, the taking of title by
Peoples and his sale to Seaton, contending that
Peoples thus obtained his property by fraud and there-
by became a trustee ex maleficio for him. It may be
so, but our difficulty with the record is, that it contains
no proof and no offer to prove that Seaton partici-
pated in the alleged misconduct or that he knew any-
thing about it. This is an action of ejectment in which
plaintiff must show that his title is superior to Sea-
ton's, which in this case means, since both claim under
the Lemmon title, that Seaton was not a bona fide pur-
chaser without notice. When Seaton bought from
Peoples, Peoples had the record title; if Seaton was a

bona fide purchaser for value of the premises without notice, he took a good title. When the writ in this case issued, Seaton was in possession; Peoples was then in no way interested in the title.

The effort to involve Seaton in the alleged misconduct of Peoples rested on the insufficient testimony of a witness that Seaton told him that immediately before the sheriff's sale Peoples had requested him not to bid for the property, that Peoples would buy it and sell it to him. Seaton was called for cross-examination, and denied the statement. That evidence—and there is nothing else—is wholly insufficient to establish Seaton's knowledge of a trust and its breach by Peoples, even if we assume for the moment that his misconduct appears. Consider what appellant proposes: Seaton is in possession by a record title, agreed to be valid unless he had notice; it is proposed to set aside the deed by which he holds, by the statement of the single witness referred to. The law is otherwise. "No rule of law is better settled by the decisions of this court than that, requiring the evidence in support of a trust to be clear, precise, convincing and satisfactory to the conscience of a chancellor; and in an action of ejectment to enforce a resulting trust, the trial judge acts as chancellor as to the question of the existence of the alleged resulting trust. If, in his judgment, the evidence is insufficient to sustain a verdict, it is his duty to withhold it: Bowen v. Haupt, 192 Pa. 409"; Braun v. the Church, 198 Pa. 152, 157; see also Walker v. Walker, 254 Pa. 220. As the evidence in the record, in addition to what was offered and rejected, does not measure up to the standard so stated, we must overrule the remaining assignments of error.

Judgment affirmed.