## Ott, Appellant, v. Duffy.

*Trusts—Resulting and express trusts—Payment of purchase-money—Act of April 22, 1856, P. L. 532.*

In proceedings in an Orphans' Court for partition of two tracts of land of a decedent who died intestate, in which two of the children of decedent named as parties defendant claimed title to twenty-two twenty-ninths of one tract and one-half of the other tract as devisees of their mother, the widow of decedent, an issue was directed to the Common Pleas Court to determine whether the widow was actually the owner of the interests in the land aforesaid at the time of her death. It appeared that the wife had furnished $2,200 out of the total consideration of $2,900 which was paid for the one tract of land, and had furnished one-half of the purchase-money for the other tract, and that title to both was taken in the name of her husband. *Held,* that a resulting trust arose in favor of the wife for the proportions of the land for which her money had paid, and that the trust was not barred under the Act of April 22, 1856, P. L. 532, because not manifested in writing by her husband, although at her death she left a will devising her interest in the said property, and stating that it was agreed between herself and her husband that she was the owner of that part for which she had paid. The mere fact that the widow stated in her will that her husband had admitted that he held the lands for her use could not operate to make the trust an express one which could be proven only by a writing signed by the husband.

Argued April 21, 1914. Appeal, No. 28, Jan. T., 1914, by plaintiffs, from judgment of C. P. Huntingdon Co.,

Sept. T., 1911, No. 26, on verdict for defendants upon an issue awarded by the Orphans' Court in partition proceedings in case of Elizabeth M. Ott, and Wesley Ott, her husband, Alice Connolly and Joseph Connolly, her husband; Delmas F. Duffy, Charles Lynn, and William Lynn, guardians of Mabel Lynn and Vinton Lynn, *v.* Juniata Duffy and Jacob Duffy. Before FELL, C. J., BROWN, ELKIN, STEWART and MOSCHZISKER, JJ. Affirmed.

Issue to the Common Pleas to determine title to real estate in partition proceedings in the Orphans' Court. Before WOODS, P. J.

The opinion of the Supreme Court states the case.

Verdict for the defendants, and judgment thereon. Plaintiffs appealed.

*Error assigned* was in refusing to enter judgment for plaintiffs non obstante veredicto.

*Thomas F. Bailey* and *James S. Woods,* for appellants. —There was no evidence sufficient to go to the jury as to the existence of a resulting trust: Crawford v. Thompson, 142 Pa. 551; Cornman's Est., 197 Pa. 125; McCormick v. Cooke, 199 Pa. 631; Bilderback's Est., 10 Pa. Dist. Repr. 759.

*W. M. Henderson,* with him *H. W. Petriken* and *L. H. Beers,* for appellees, cited: Bigley v. Jones, 114 Pa. 510; Light v. Zeller, 144 Pa. 582; Harrold v. Lane, 53 Pa. 268; McCormick v. Cooke, 199 Pa. 631; Galbraith v. Galbraith, 190 Pa. 225; Lynch v. Cox, 23 Pa. 265; Barnet v. Dougherty, 32 Pa. 371; Casciola v. Donatelli, 218 Pa. 624; Nixon's App., 63 Pa. 279; Dumbach v. Bishop, 183 Pa. 602; Edwards v. Edwards, 39 Pa. 369.

OPINION BY MR. JUSTICE BROWN, July 1, 1914:

John Duffy died intestate June 1, 1875, leaving to

survive him a widow, Elizabeth Duffy, and a number of children.  At the time of his death he held the legal title to two tracts of land situated in Springfield and Cromwell Townships, Huntingdon County.  His widow died April 20, 1897.  In September, 1907, proceedings were instituted by a granddaughter of John Duffy in the Orphans' Court of the county for the partition of the said two tracts of land, the one containing two hundred and sixty-three acres and the other nineteen acres.  Juniata Duffy and Jacob Duffy, two of the children of John and Elizabeth Duffy, in answer to the rule served upon them in the partition proceedings, averred that their mother was the equitable owner at the time of her death of 22/29 of the larger tract and of 1/2 of the smaller, both of which interests she had devised to them by her will, executed December 6, 1894. By agreement of the parties, this issue was directed to the Common Pleas, to determine whether Elizabeth Duffy was the equitable owner of the said interests in the lands of which partition was sought.  Under the testimony offered in support of the claims of the appellees, the defendants in the issue, the court submitted to the jury the question whether there was a resulting trust in John Duffy in favor of his wife for the interests in the lands claimed by the defendants, and from the judgment on the verdict in their favor the plaintiffs have taken this appeal.

No parol testimony was offered by the plaintiffs. They relied solely on the record evidence of absolute title in John Duffy.  A number of witnesses were called by the defendants, and there is no assignment of error to the admission of any of their testimony.    From the same it appeared that John Duffy had purchased the lands some years before his death, the larger tract having been sold as the property of his wife's deceased father, Jacob Booher;  that her share in his estate, amounting to about $1,900, together with other moneys which she had, was used to pay for the larger tract,

which was purchased by her husband for $2,900; that she was present at the sale and directed the bidding; that her husband had stated that she had bought the farm and that he had but $700 in it. It also appeared that Elizabeth Duffy had paid, out of her own separate estate, $400—the one-half of the purchase-money for the smaller tract—and that when she insisted the deeds to both tracts be recorded in her name, her husband's excuse for not doing so was that the titles in him would give him credit in his business. It further appeared that he admitted he had done wrong in having the deeds made out in his own name. But we need not refer further to the testimony on the part of the defendants, showing that their mother had invested her own money in the two tracts, as the purchaser of 22/29 of the one and of ½ of the other, and that her husband held title as trustee for her for these respective interests, for it is admitted by counsel for appellants in their printed brief "that all the evidence in the case seems to indicate the existence of an express trust between the husband and the wife"; but it is contended that, as the trust was an express one, it is void under the Act of April 22, 1856, P. L. 532, because it was not manifested by a writing by the husband. This contention is based upon the devises of Elizabeth Duffy to the appellees, which are as follows: "I give and devise my said son and daughter, Jacob B. and Juniata, their heirs and assigns, all my right, title, property, claim and estate whatsoever equally, share and share alike, of and in and to all that certain farm and tract of land situate in Springfield Township, Huntingdon County, Pa., adjoining the farm now or late of Joshua Booher's heirs, upon which I now reside, containing 263 acres, more or less, being the same which I and my husband, John Duffy, since deceased, purchased about November 7, 1865, of the estate of Jacob Booher, my deceased father, for the sum of $2,900.00, under the agreement made at the time between myself, my said husband and the

executor of my deceased father, that my interest in my said father's estate should be applied to the payment of said purchase-money, and that I should have an interest in said real estate to the extent of such payment, which payment by me as aforesaid amounted to $2,-200.00, deed was with that understanding taken in name of my said husband, which I have ever since occupied and possessed and claimed. Also all my right, title and interest, property, claim, estate and demand whatsoever of to and in all that certain tract of land situate in the Township, county and state aforesaid, purchased by myself and said husband about January 2, 1868, from William Booher, for the price or sum of $800.00, containing 19 acres, more or less, upon which I paid $400.00 out of my own, individual money received from my father's estate and by an agreement with my said husband made at the time of the purchase, on account of my said payment of the purchase money the deed was to be made to me, but in my absence at the justice office the same was made to my said husband in pursuance of which I have ever since and now do claim the undivided one-half part of said contract, which claim was always recognized and assented to by my said husband. The said tract since said purchase having been used, occupied and enjoyed by myself and husband up until his death, and by me since as a part of the home farm first above mentioned, occupied and possessed by me."

It is urged that in the foregoing there is found a distinct admission by the testatrix that the deed in her husband's name for the larger tract was made in pursuance of an express agreement by her that it should be so made, and that, therefore, an express trust was created, which is void under the act of assembly, by reason of the failure of her husband to manifest it by writing. We do not read the will of the testatrix as containing anything more than an admission by her that there was an agreement between her and her husband that her

interest in her father's estate should be applied to the payment of the purchase-money of the farm, in consideration of which she should have an interest in it to the extent of what she paid, and that, with this understanding on the part of her husband, he had the deed made out in his own name. When she subsequently discovered that he had done so, she insisted that the title be recorded in her name. The agreement between Duffy and his wife is nothing except as it discloses their intention at the time of the purchase of the farm. The trust in favor of the wife resulted from the acts of herself and husband, and not from the agreement between them, or rather, perhaps, from the acts accompanied by the agreement. She contributed a specific, definite sum to procure a certain interest in the land—an aliquot part of it—and the moment her husband took a deed in his own name for the whole tract a trust resulted in her favor for such aliquot part: Lynch v. Cox, 23 Pa. 265; Bigley, et al., v. Jones, 114 Pa. 510; Light v. Zeller, 144 Pa. 570. In the devise of the nineteen-acre tract there is nothing to sustain the contention of the appellants. On the contrary, it shows that there was a resulting trust. The only assignment of error, complaining of the refusal of the court to enter judgment for the plaintiff's non obstante veredicto, is overruled, and the judgment in favor of the defendants is affirmed.