Opinion by
 

 Rhodes, P. J.,
 

 Defendant, .Ellis R. Fisher, has appealed from judgment and sentence following his conviction on an indictment charging bookmaking and pool selling. Section 607 of the Act of June 24, .1939, P. L. 872, 18 PS §4607. Fisher was jointly indicted with Edward D. Lentz as the result of a raid on the afternoon of March 5,1948, by a detective and two officers of the Harrisburg Police, on an establishment known as “Jack’s Pool Room,*’ located at 1543 Walnut Street, in the City of Harrisburg. They waived a trial by jury, and were found guilty by the trial judge. At the conclusion of the Commonwealth’s case, defendants demurred and presented no defense. Their motions for new trial and in arrest of judgment were refused. Fisher has appealed.
 

 Appellant questions on this appeal (1) the admissibility of certain papers recovered by the police upon the premises at the time of the raid, and (2) the sufficiency of the Commonwealth’s evidence to establish (a) the illegal conduct of bookmaking upon the premises, and (b) the connection of appellant with such illegal enterprise.
 

 At 1543 Walnut Street there was a one-story building, and on the outside of the front window the words “Jack’s Pool Room” Avere painted. The front door was solid and the window was painted so that it was impossible to see into the building from the outside. In executing the raid on the afternoon of March 5, 1948, a Harrisburg city detective in plain clothes and two policemen in uniform, possessing a search warrant, went to the described premises and rapped on the outside door. Lentz, one of
 
 *247
 
 the defendants, came to the door but before opening it asked who was there. The detective replied “Joe,” whereupon Lentz asked “Joe Beal?” When the detective answered “Yes,” Lentz opened the door. When Lentz saw the detective and the officer in uniform, the other officer having gone to the rear of the building, he immediately backed through a vestibule and closed and locked a second door through which it was necessary to pass to enter the building proper. While attempting to obstruct the entrance of the officers Lentz gave a warning by tapping on the glass of the second door. The officers broke this door and entered a room where there was a counter or glass show case, with a cash register thereon, containing about eighteen packages of crackers, a half box of cigars, two or three dozen decks of cards, and four or five cases of soft drinks. In the cash register was $641.15 in cash. Beyond an archway there was a second room furnished with a large card table covered with green cloth and surrounded by nine chairs. There was also a smaller table in this room on which were two telephones, one with a number and one without. In the rear was a toilet. There were no billiard or pool tables in the place. The only persons present on the premises when the officers entered were Lentz, who had opened the front door, and appellant who was sitting at a table in the second room. The detective and officer who entered at the front unlocked the rear door and were joined by the other policeman. The rear door was of solid iron and it was barred and bolted. The officers in searching the place found a number of papers in the toilet. At the table at which appellant had been sitting there was a copy of “Daily Racing Form” dated March 5,1948, with markings on it (Commonwealth’s Exhibit 3). The papers discovered in the toilet when unrolled were found to be a copy of “William Armstrong Daily Sports” sheet dated March 5, 1948 (Commonwealth’s Exhibit 2), two “run
 
 *248
 
 down” sheets bearing pencil notations purporting to show the amounts bet by a number of individuals, designated only by initials, on horses racing that day on several well known tracks, and a third sheet on which was written a column of figures, and opposite each figure the name or initials of some individual (Commonwealth’s Exhibit 1). Near the cash register they found an electric light bill, mercantile tax bill, and property tax bill; all of them were addressed to Fisher and Lentz. There was also a Federal Income Tax form addressed to Fisher and Lentz. The part offered in evidence as Commonwealth’s Exhibit 6 contained the following: “E. R. Fisher & E. D. Lentz 1543 Walnut St Harrisburg Pa 46 Form 1065 8813173.” In a waste basket in the second room they found torn pieces of “racing forms” and “run-down” sheets which were admitted in evidence as Commonwealth’s Exhibit 5. CommonAvealth’s Exhibit 4 contained the schedule of races at different tracks. While the officers were on the premises between 2:15 and 2:30 p.m. the telephone rang at least five times; the police officers ansAvered the telephone; the calls related to horse racing or betting on horses.
 

 We are of the opinion that there is no merit in appellant’s objections to the admission of Commonwealth’s exhibits. They were competent and relevant to the charge of bookmaking; they were the necessary paraphernalia for the conduct of such business; they were admissible under all the circumstances as evidence of appellant’s guilt. Appellant especially complains of the admission of CommonAvealth’s Exhibit 6 Avhich relates to the income tax form. We think this exhibit is some evidence that appellant was interested in the business conducted on the premises, and supplied a fact, along with the other evidence in the case, from which an inference might be reasonably drawn in support of a verdict of guilty.
 

 
 *249
 
 We think the evidence clearly shows that bookmaking was being conducted at 1543 Walnut Street, and that appellant was connected with this illegal operation. This establishment was misrepresented for the obvious purpose of concealing what actually transpired therein. It was not a pool room although it had on the front window “Jack’s Pool Room.” It contained no pool or billiard table. There was nothing on the premises by way of merchandise that would warrant the sum of money found in the cash register. The reaction of Lentz upon discovering the officers at the front door supports an inference that the enterprise with which he Avas connected Avas not legitimate. His signal to appellant, the only other person present, is significant. The attempted destruction of the papers (Commonwealth’s Exhibits 1 and 2) is an important circumstance, and indicates that the signal given by Lentz Avas meant to Avarn appellant to dispose of any damaging evidence. There is no other plausible explanation Avhy the “racing form,” bearing the date of March 5, 1948, and the “run-doAvn” sheet bearing the notation of 3/5 at the top should be placed in such a repository. An examination of these papers sIioavs that they correlate. For example, on the “rundoAvn” sheet appears the entry, among others:
 

 “4 FG 10 1 Pre War Time 23.00 3/i
 
 y
 
 “3 T 10 J Likeasnot Jess C”
 

 Reference to the “William Armstrong Daily Sports” sheet sIioavs that “Pre War Time” Avas running that day in the fourth race at the Fair Grounds, and that “Likeasnot” Avas running in the third race at Tropical Park. The figures 10, 10, and 3, Avhen added, make 23, apparently the total sum of money bet by “Jess C”, and noted on the right-hand margin of the “run-down” sheet. Further reference to the third sheet of Commonwealth’s Exhibit 1 shoAArs the entry of the figure “23.20” opposite
 
 *250
 
 the name “Jess C” in the column of names, initials, and figures. Obviously these papers disclose that bookmaking was being conducted on March 5, 1948, at 1543 Walnut Street. Furthermore, while the officers were on the premises the telephone rang at least five times in the space of fifteen minutes, and the persons calling inquired about certain horses or races. There is more than mere suspicion or possibility of guilty connection in the present case; there is a definite connection of appellant with this establishment which was used for bookmaking purposes. Section 607 of the Act, 18 PS §4607, provides, inter alia: “Whoever . . . occupies any place with books, apparatus or paraphernalia for the purpose of recording or registering bets or wagers ... or assists or abets in any manner in any of the acts forbidden by this section, is guilty of a misdemeanor, . . .” To be considered with appellant’s presence and the other recited circumstances is the fact that the officers found a collection of business mail near the cash register consisting of electric light bills, tax receipts, etc., each of which was addressed to Fisher and Lentz. That part of the Federal Income Tax form taken by the officers and admitted in evidence as Commonwealth’s Exhibit 6 shows that the form was addressed to Fisher and Lentz. It was designated Form 1065, and the trial judge could take judicial notice of the federal regulations requiring partnerships to file an information return on Form 1065. See
 
 United States v. Lutz,
 
 3 Cir., 142 F. 2d 985, 989. We are convinced that the uncontradicted evidence, although circumstantial in nature, was sufficient to warrant the finding of the trial judge that appellant was guilty as charged. See
 
 Com. v. Prezioso,
 
 157 Pa. Superior Ct. 80, 86, 41 A. 2d 350;
 
 Com. v. Marino,
 
 142 Pa. Superior Ct. 327, 334, 16 A. 2d 314;
 
 Com. v. Palace,
 
 164 Pa. Superior Ct. 58, 62, 63 A. 2d 511. As said in
 
 Com. v. Wentzel,
 
 360 Pa. 137, at page 143, 61 A. 2d 309, at
 
 *251
 
 page 312, in the opinion of Mr. Justice Drew: “Inasmuch as the Commonwealth was unable to produce any eye-witness to the crime . . ., the evidence adduced by the Commonwealth was wholly circumstantial. A careful reading of such evidence reveals that it is more than ample to sustain this conviction of defendant. While none of the facts presented would be conclusive of his guilt when individually considered, yet there is no doubt in our minds that the evidence presented, when considered collectively, required that the case be submitted to the jury.”
 

 The judgment of the court below is affirmed, and defendant is directed to appear in the court below at such time as he may be there called, and that he be by that court committed until he has complied with its sentence or any part of it that had not been performed at the time the appeal was made a supersedeas.