Commonwealth *v.* DuHadway, Appellant.

Argued November 13, 1953.   Before Rhodes, P. J.,
Reno, Ross, Gunther, Wright and Woodside, JJ.

202

*Stephen J. McEwen,* with him *Charles F. Mayer,* for appellant.

*J. Harold Hughes,* Assistant District Attorney, with him *Joseph E. Pappano,* First Assistant District Attorney and *Raymond R. Start,* District Attorney, for appellee.

OPINION BY WRIGHT, J., March 16, 1954:

John DuHadway was tried in Delaware County on a bill of indictment charging bookmaking. See Act of 1939, P.L. 872, §607, 18 P.S. §4607. After a verdict of guilty, he filed a motion for a new trial. The lower court refused to grant the motion, and this appeal followed.

Appellant was a truck driver employed by the Railway Express Company. State Police officers had followed his truck for a period of two weeks and observed that he made frequent stops without picking up or delivering any merchandise. On July 20, 1953, in appellant's absence, a raid was made at his home. The officers found in the bread box in the kitchen a large sheet of paper with names and figures thereon (Commonwealth's Exhibit 1). The nature of this paper was explained in detail by Corporal Rocco P. Urella. It was a list of 38 horse bets in total amount of $148.00 on horses which were racing that day.

There was also found in the telephone desk in the living room a William Armstrong racing form (Commonwealth's Exhibit 5) listing horses running at various tracks on the day of the raid and containing information about post position, jockeys, et cetera. While the officers were at the home, a telephone call was received from a man who asked for "John". The officer who answered the phone replied, "Yes", whereupon the caller placed a two and two reverse bet on a particular race that day. A memorandum of this bet (Commonwealth's Exhibit 3) was made by the officer. Other telephone calls were received in which the caller became suspicious and hung up. Thomas A. Raffa testified for the Commonwealth that he had placed bets with appellant on two occasions, and that he had won $1400.00 on one of the bets, of which appellant had paid only $300.00. A confession (Commonwealth's Exhibit 2) was introduced, in which appellant stated that he had been taking bets on horses for a period of six months; that Exhibit 1 was a record of horse bets which he had taken that day; that he had originally banked his bets with one Jimmie Salerno; that Salerno had refused to pay the $1400.00 won by Raffa; that he had therefore changed bankers, and was now dealing with a man known to him only as "Joe".

At the trial appellant testified that he was making bets himself but denied that he was taking bets for others. His first contention on this appeal is that the corpus delicti was not proved, wherefore his confession was improperly admitted. Proving the corpus delicti simply means showing that the crime charged has been committed by someone: *Commonwealth v. Adams,* 174 Pa. Superior Ct. 504, 102 A. 2d 202. This must be done before a confession may be received: *Commonwealth v. Gardner,* 282 Pa. 458, 128 A. 87. It is accomplished by proving (1) a specific injury or

loss, and (2) some person's criminality as the source thereof: *Commonwealth v. Dolph,* 164 Pa. Superior Ct. 415, 65 A. 2d 253. The corpus delicti may be shown by circumstantial evidence, but it must be proved beyond a reasonable doubt: *Commonwealth v. Winter,* 174 Pa. Superior Ct. 35, 98 A. 2d 221. Extended discussion is not required to demonstrate that the evidence in the case at bar, which we have set forth in detail, was entirely sufficient to prove the corpus delicti, separate and apart from appellant's confession. See *Commonwealth v. Fisher,* 166 Pa. Superior Ct. 245, 70 A. 2d 372.

Appellant's second contention is that the trial judge erred in permitting the officer to testify concerning telephone calls from unknown persons. Telephone calls to a betting establishment are admissible under the conditions set forth in *Commonwealth v. Prezioso,* 157 Pa. Superior Ct. 80, 41 A. 2d 350. Speaking through Judge HIRT we said in that case: "Similarly what is said by one initiating a call, by disclosing intimate knowledge, may so identify him and the person whom he calls as associates in the same enterprise as to make the whole conversation admissible. Of course such evidence should be admitted with caution (because of the ease with which it may be counterfeited) and should not be received at all except when the circumstances rebut every suspicion that it may be spurious". See also *Commonwealth v. Palace,* 164 Pa. Superior Ct. 58, 63 A. 2d 511. In the case at bar the call was directly related to the matter under investigation. There is nothing in the record to suggest that it was spurious in any way.

The next four errors alleged involve the admission in evidence of the various Commonwealth's Exhibits. Appellant's argument as to the Armstrong racing form appears to be based on the fact that the form was

not dated. However, the Commonwealth established that it was an emergency edition listing late cancellations and other information concerning the races being run that day. As to Commonwealth Exhibit No. 1, it is contended that appellant was not present and the paper was not proved to be in his handwriting. Initially, this Exhibit was admissible to prove the corpus delicti. As explained by the police expert, it clearly indicated bookmaking activities. Appellant's connection was then established by his confession. The admission of Exhibit 3 was not harmful to appellant: *Christian Moerlein Brewing Co. v. Rusch*, 272 Pa. 181, 116 A. 145. As to the confession itself, the trial judge properly submitted to the jury the question whether or not it was voluntary in character: *Commonwealth v. Narr*, 173 Pa. Superior Ct. 148, 96 A. 2d 155.

There is no merit in appellant's contention that the trial judge erred in permitting the officer to testify concerning Raffa's admission that he had made a telephone call to appellant's house during the raid. This statement was made in appellant's presence: *Commonwealth v. Vallone*, 347 Pa. 419, 32 A. 2d 889. Nor is there merit in appellant's final contentions as to the re-direct examination of Raffa concerning the $1400-.00 bet, and the testimony of the officer in connection therewith. This was proper evidence for the consideration of the jury. A thorough review of the record shows that appellant was accorded a fair trial, and that the evidence was amply sufficient to support his conviction. See *Commonwealth v. Stoe*, 167 Pa. Superior Ct. 300, 74 A. 2d 526.

The judgment is affirmed, and it is ordered that appellant appear in the court below at such time as he may be there called, and that he be by that court committed until he has complied with his sentence, or

any part of it which had not been performed at the time the appeal was made a supersedeas.