Commonwealth *v.* Markwich, Appellant.

Argued March 14, 1955. Before RHODES, P. J., HIRT, ROSS, GUNTHER, WRIGHT, WOODSIDE and ERVIN, JJ.

*Irving W. Coleman,* for appellant.

*Robert V. Ritter,* Assistant District Attorney, with him *M. Jack Morgan,* District Attorney, for appellee.

OPINION BY HIRT, J., April 12, 1955:

Defendant was convicted on six counts of an indictment charging him with bookmaking and with various phases of setting up and maintaining gambling devices in his retail dress shop in Allentown. He was sentenced on the general verdict. In this appeal it is contended that he is entitled to a new trial because of the admission to his prejudice of allegedly incompetent evidence. Although it is conceded, as it must be, that the

evidence otherwise is entirely sufficient to support the general verdict of guilt a brief statement of undisputed facts is necessary as a background in considering the question involved.

In the afternoon of March 2, 1954, a raid was made on defendant's dress goods store by State and local police. The defendant was present throughout the raid. A search of the premises disclosed a mass of bookmaking material and gambling paraphernalia as well as cryptic accounts of the winnings and losses of various customers of the defendant, resulting from bets on basketball games and horse races. While the raid was in progress the police officers answered six incoming telephone calls. One who called said: "Coal Town Maid, eighth race, Hialeah. That's standing. Bet $6 to win." A horse by that name was entered for the eighth race at Hialeah that day. In a second call a male voice reported that "Chicken got knocked off" referring to a simultaneous raid on another gambling establishment operated by one "Chicken" Roth. Others who called asked for the "line" or the "pro line" referring to scheduled professional basketball games and the odds for betting as determined by a gambling syndicate. It is conceded that the substance of these telephone calls was properly received in evidence on the principle of *Commonwealth v. Prezioso,* 157 Pa. Superior Ct. 80, 41 A. 2d 350. During the raid two men came into the store. The first asked for a drink when he observed the police officers. When questioned he admitted a fondness for betting on horses and he had racing sheets and slips on his person, evidencing bets which he had made. The second visitor one Michael Radon, asked for the "line" to which defendant replied "I don't have no package for you today." As Radon was leaving he was taken into custody and was questioned by Corporal Dane of the State Police.

Later in the day of the raid the defendant, under arrest, was seated in an automobile in front of his store in the custody of R. E. Snyder, a police officer of the City of Allentown, when Corporal Dane with Michael Radon came up to the car. Officer Snyder testified that Corporal Dane then said to Radon in the presence of the defendant: " 'Tell him what you told me' meaning Markwich." And that in reply "Radon said he had made a bet . . . He said he had made a bet the week previously of $30.00 on a basketball game, and he lost it." To the question "Did he say with whom he made the bet?" Snyder's answer was: "He said with Markwich." Defendant's counsel objected to the admission of this testimony "Unless the exact language is used." Objection was also made to evidence of a bet made in the previous week "as being too remote." These were the only objections and both were overruled. In answer to the further question: "Did Markwich say anything?" officer Snyder said: "Markwich denied it and Radon insisted he had made the bet."

Where, as in this case, specific objections are made to the admission of evidence, all reasons not enumerated in the objections must be taken as waived. *Walker v. Walker*, 254 Pa. 220, 98 A. 890; *Huffman et al. v. Simmons et al.*, 131 Pa. Superior Ct. 370, 375, 200 A. 274; 2 Henry on Evidence, §724. Since the only objections to the admission of the above evidence in the present case were specific, and the reasons advanced were invalid, the testimony is properly in the record. This must be taken as tacitly conceded by the defendant in this case, for in his appeal no reference is made to this testimony. The single trial error asserted by appellant in seeking a new trial is the admission of almost identical evidence in the testimony of Corporal Dane, who followed officer Snyder as a witness for the Commonwealth.

Dane testified that he took Radon to the police car where the defendant was seated and asked Radon to tell Markwich what he had just said to him. In response, according to Dane's testimony, Radon then said to defendant: "Benny, I placed a bet with you a week ago or so, or just a little better . . . I bet on the basketball teams, colleges, and the bet was for $30.00 and I lost that bet." In reply, Dane testified that Markwich said, "You didn't bet with me." This testimony was received in evidence over the defendant's *general* objection and the court on motion refused to strike it out. There was error in the ruling. The testimony was hearsay and although the statement attributed to Radon was made in the presence of the defendant there was no implied admission by the defendant of its truth under the rule of *Commonwealth v. Vallone,* 347 Pa. 419, 32 A. 2d 889, because Markwich categorically denied the charge. It is only when one accused of crime remains silent, although given the opportunity to speak, that an inference of the truth of the charge may be drawn from his silence. The principle of the *Vallone* case has no application where as here the accusatory statement is challenged by a denial of its truth. Cf. *Commonwealth v. Smith,* 105 Pa. Superior Ct. 497, 161 A. 418. *Commonwealth v. Ricci,* 332 Pa. 540, 3 A. 2d 404 is not in point and in *Commonwealth v. DuHadway,* 175 Pa. Superior Ct. 201, 103 A. 2d 489, also relied upon by the Commonwealth, there was no denial by the defendant of the accusation made by a third party not called as a witness.

But while the admission of the above testimony of Corporal Dane was inadmissible over defendant's general objection, in our opinion the error was not prejudicial. The same evidence was already in the record in the testimony of officer Snyder who preceded Dane on the witness stand. True, in Dane's testimony there

was a repetition of the statement of Radon that he bet $30 with the defendant but along with it there was also a repetition of defendant's denial that Radon made any bet with him. And in this connection the court charged the jury "As has been said before, this Defendant is not charged with making an individual bet. If two persons make an individual bet with each other, that is not a violation of the law with which this man is charged."

In the opinion of the majority of us, the defendant stands properly convicted in this record; the error complained of was harmless under the circumstances.

Judgment of sentence affirmed and it is ordered that defendant appear in the court below at such time as he may be there called, and that he be by that court committed until he has complied with the sentence or any part of it that had not been performed at the time the appeal was made a supersedeas.

-------

DISSENTING OPINION BY WOODSIDE, J., April 19, 1955:

In my opinion the rule of evidence[1] applied in *Com. v. Vallone*, 347 Pa. 419, 32 A. 2d 889 (1943) although having validity under certain circumstances, is nevertheless fraught with such inherent danger that failure of the appellate courts to assiduously and stringently police its use will result in great injustice.

No longer can one charged with crime remain si-

-------

[1] The rule is set forth as follows, at page 421, ". . . when a statement made in the presence and hearing of a person is incriminating in character and naturally calls for a denial but is not challenged or contradicted by the accused although he has opportunity and liberty to speak, the statement and the fact of his failure to deny it are admissible in evidence as an implied admission of the truth of the charges thus made." . . . . . . .

lent. When taken into custody or questioned he must not only deny every accusation directed to him, but must be alert to every statement made in his presence lest his failure to speak up and deny some incriminating remark will be used against him as an admission.

As stated by our present Chief Justice in that case, "The accusatory statement, being hearsay, is not admissible as evidence in itself of the facts which it asserts, but merely to show what the charges were to which defendant offered no denial; its probative force is derived, not from the credibility of the accuser, but from the silence of the accused in response to it."

Therein lies a danger which this case demonstrates. It is the use of the rule as a pretense for the admission of hearsay testimony.

The majority here condones, although it does not approve, the use of an accusation even when denied, thus permitting the Commonwealth to introduce the most damaging kind of hearsay testimony, to wit: that someone *said* the defendant *committed* the crime. The hearsay was not circumstantial evidence but direct evidence of the commission of the crime. The majority condones its admission on the ground that there was no specific objection when it was related by the first witness and therefore the relating of it by the second witness over objection was not prejudicial.

I cannot accept the conclusion that the error was not prejudicial. Because of the growing abuse of the rule by enforcement officers who, I think, are encouraged by the courts, and the frequent use of this type of testimony in trials, I feel it is incumbent upon us to recognize the inherent dangers in its abuse, and the gross injustice which results from our weak wrist tapping even when the error is flagrant.

I would grant the defendant a new trial.

GUNTHER, J. joins in this dissent.