## Commonwealth *v.* Tonty, Appellant.

448

Argued April 11, 1955. Before RHODES, P. J., HIRT, ROSS, GUNTHER, WRIGHT, WOODSIDE, and ERVIN, JJ.

*S. Goldstein,* with him *Charles J. Margiotti, Edward E. Petrillo,* and *Margiotti & Casey,* for appellant.

*Damian McLaughlin,* District Attorney, with him *Louis R. Benacci,* Assistant District Attorney, for appellee.

OPINION BY RHODES, P. J., July 21, 1955:

These appeals by defendant are from conviction and sentences on charges of bribery brought under the penal provisions of the Third Class City Law of June 23, 1931, P. L. 932, Art. IX, §911, as amended by the Act of June 28, 1951, P. L. 662, §9, 53 PS §12198—911. The prosecution arose out of an investigation by the District Attorney of Erie County into alleged bribery of city officials and employes of the City of Erie in connection with gambling or the operation of the "numbers racket" in that city. See *Com. v. Schwartz*, 178 Pa. Superior Ct. 434, 115 A. 2d 826. Defendant was tried before a jury and found guilty. Concurrent sentences were imposed, the minimum being one year and the maximum two years in the Allegheny County Workhouse. On appeal to this Court, defendant questions the action of the court below in refusing his motions in arrest of judgment and for a new trial.

Appellant questions the sufficiency of the evidence to sustain the bribery convictions. He claims there is no evidence which would establish that payments of money made by him to the police were for an illegal purpose or to influence the police in the performance or nonperformance of their duties. Russell Verga, a patrolman of the Erie police department assigned to the vice squad, testified at length for the Commonwealth. He testified that he stopped in appellant's cigar store on June 30, 1954, and observed appellant's clerk writing down a number and taking a horse bet; that appellant came from the rear of the store, conversed with him on general topics and asked him to return the next day. On the following day, July 1, 1954, Verga returned and appellant paid him $25 in the back room of the latter's store. At the time there was no conversation relative to this payment. Verga divided the $25 with another, Edward Camilli, who

had also been assigned to the vice squad. Verga turned over the balance to Assistant District Attorney Johnson. The sum of $11.50 was identified by Verga as part of the money paid to him by appellant and then given to the assistant district attorney. A payment of $12.50 through Officer Camilli to Verga on July 20, 1954, was withdrawn from the jury's consideration.

On August 13, 1954, Verga had a telephone conversation with appellant, which was monitored by Assistant District Attorney Johnson, wherein appellant told Verga to see him the following week. A record of this conversation was made, identified, and offered in evidence. The recording was presented to the jury. Later, on August 19, 1954, according to Verga, appellant paid him $25 in the Spa Cafe in the presence of Officer Camilli. Verga identified $12 of this cash payment by the serial numbers on the bills which were noted at the time of payment.

On August 20, 1954, Verga again telephoned to appellant from the office of Assistant District Attorney Johnson, and a record was made of this conversation; after having been identified this record was offered in evidence and the conversation was given to the jury. In this conversation appellant stated that the recent payment of $25 to Verga was for the month of August; that it was not for vacation pay, or for the time Verga would be on vacation. Verga also testified to another payment of $25 made by appellant to Officer Camilli. This payment was made at appellant's store in Verga's presence on September 28, 1954. Verga identified a ten dollar bill as a part of this payment, and testified to a further payment of $25 made by appellant to him on October 15, 1954. This last payment was withdrawn from the jury's consideration together with the charge of conspiracy.

Assistant District Attorney Johnson, testifying for the Commonwealth, corroborated Officer Verga as to the division of the money paid to the police by appellant. Johnson also testified as to monitoring the telephone conversations of August 13th and 20th, including the fact that on August 20th appellant acknowledged paying $25 to Verga the preceding day in the Spa Cafe.

Appellant, in his own behalf, testified at length that the payments on July 1st, August 19th, and September 28th were made as political campaign contributions. Appellant testified further that, in the early part of September, 1954, he gave Verga $100, but that it was for a ticket to a political dinner, though he never obtained a ticket or a receipt. Such payment was denied by Verga. Appellant's clerk corroborated appellant as to the payment of $100 and as to $20 paid in August for tickets to a political affair.

Commonwealth's witness Verga explained that the amounts retained by him and turned over to the assistant district attorney from the payments of $25 each on July 1st and August 10th were less than half because of his inability to make the correct change; and that from a similar payment on September 28th to Camilli he received a ten dollar bill together with $2.50 from Camilli himself to make an equal division.

Appellant now asserts that the telephone conversations were inadmissible as to the bribery charges although they might have been admissible in connection with the conspiracy charge. No objection, specific or general, was made to the admission of this evidence. See *Com. v. Markwich,* 178 Pa. Superior Ct. 169, 172, 113 A. 2d 323. Moreover, this reason was not incorporated in the motion for a new trial. There is absolutely no basis for appellant's argument on this item of evidence, as his counsel, at the time the records were

offered, said: "Would the Court note that we are not filing or presenting any objection to this evidence?"

There was ample evidence presented by the Commonwealth from which it could be found that appellant was guilty of bribery under the statute. At least three periodic payments of $25 each to the police officers were admitted. There was testimony showing gambling on appellant's premises. The witness Verga testified that he saw a bet taken in appellant's store by his clerk; and that he observed a bet placed over the counter. The monitored telephone conversations tended to establish that appellant, as instigator, made these payments to the police covering specific periods of time. If the Commonwealth's evidence is credited, the inference is reasonable that these payments were made to influence the police and receive protection against the enforcement of the gambling laws. Appellant's contention that the payments were for political purposes and not for protection presented a factual issue for determination by a jury. In this connection the jury could consider whether the payments were political contributions properly made to police officers on duty. Appellant cites and relies upon *Com. v. Bausewine*, 354 Pa. 35, 46 A. 2d 491, in support of his argument that the evidence was insufficient to sustain his convictions for bribery. The *Bausewine* case is not controlling. There the alleged bribery payments to a police officer were strongly denied, and the Commonwealth's chief witness was considered an uncertain and unreliable witness. The evidence presented by the Commonwealth was circumstantial and insufficient, as the court held, to justify an inference of the guilt of the accused. In the present case the payments were admittedly made and the "reasonable inference of guilt" of appellant was "based on facts and conditions proved." It was for the jury to determine the purpose for which

the payments were made by appellant, and appraise appellant's testimony as to plausibility.

Appellant contends that the trial judge in his charge materially misstated the testimony of Officer Verga, and that this amounted to fundamental error requiring a new trial. The portion of the charge of which complaint is made reads as follows: "He [Officer Verga] said on June 30th, 1954, he went into the newsroom at 22 West 12th Street owned by this defendant, and he talked to him generally about the vice squad and the weather *and other things*." [Italics supplied.] Appellant argues that the words "and other things" are a material misquotation of Verga's testimony, and that these words might have been interpreted by the jury as meaning that appellant directly offered Verga a bribe. The reference of the trial judge to Verga's testimony was substantially correct. On cross-examination Verga said of this incident: "There was a talk about how long I was going to be on the vice squad, general conversation of the weather I imagine, and come back and see him the next day, which I did." In context the words "and other things" carry no necessary inference or even suggestion that bribery as such was discussed. There was no misquotation of the testimony, nor was there any prejudicial error in the trial judge's instruction. Appellant took only a general exception to the charge, and, under the circumstances, the convictions will not be reversed in the absence of basic or fundamental error. *Com. v. Eberhardt*, 164 Pa. Superior Ct. 591, 604, 67 A. 2d 613.

The trial judge submitted to the jury only such evidence as was relevant. At the beginning of his charge the trial judge withdrew from the jury's consideration the conspiracy indictment, and submitted only the bribery charges relating to the three payments by appellant on July 1, August 19, and September 28, 1954.

The trial judge, at least in substance, also withdrew from the jury's consideration the payments of July 20th and October 15th. At the same time he instructed the jury: ". . . there are only three items of cash which are offered in connection with the three specific charges before you." There is obviously no merit in appellant's argument that this instruction did not amount to withdrawal of the payments of July 20th and October 15th from consideration by the jury.

These alleged errors in the charge of the court are now presented for the first time; they were not raised or argued in the court below in support of the motion for a new trial. Therefore the court below could not be charged with error in refusing to grant a new trial for a reason which was not presented to it. We have held that contentions relating to such matters which were not raised or considered in the court below cannot be invoked on appeal unless there has been some basic or fundamental error seriously affecting the merits of the case and imperatively calling for reversal. *Com. v. Schultz*, 170 Pa. Superior Ct. 504, 512, 87 A. 2d 69; *Com. v. Robinson*, 148 Pa. Superior Ct. 61, 70, 24 A. 2d 694. In the present case there was no basic or fundamental error in the charge of the court which was fair and adequate.

Appellant raises the alleged misconduct of Assistant District Attorney Johnson before the grand jury as prejudicial. The point as to the assistant district attorney's carrying a gun concealed in his hip pocket was first raised in the court below on appellant's motion to quash the indictment. The evidence taken relative to events transpiring before the grand jury in this connection is identical with that taken on a similar motion in *Com. v. Schwartz*, supra, 178 Pa. Superior Ct. 434, 115 A. 2d 826, since all defendants who had filed motions to quash the indictments adopt-

ed the same testimony taken in the court below on the motions to quash. It was not established that the alleged conduct of the assistant district attorney was prejudicial to appellant. Moreover, disposition of the matter was primarily within the discretion of the trial court. Our ruling in *Com. v. Schwartz,* supra, 178 Pa. Superior Ct. 434, 115 A. 2d 826, is controlling here. Further, the evidence taken on the motions to quash the indictments does not sustain appellant's contention in his case that Assistant District Attorney Johnson acted in the dual capacity of witness and prosecutor before the grand jury to the prejudice of appellant.

The evidence fully warrants the jury's verdicts, and sustains the conviction of appellant on the respective indictments. Appellant has not shown any reversible error in his trial or in the disposition by the court below of his motions in arrest of judgment and for a new trial.

Judgments of sentence are affirmed, and it is ordered that defendant appear in the court below at such time as he may be there called and that he be by that court committed until he has complied with his sentence, or any part of it which had not been performed at the time the appeal was made a supersedeas.